UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| NORMAN DAIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-41-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Norman T. Dais is an inmate confined in the  Federal Correctional Institution in Ashland, Kentucky.  Proceeding without counsel, Dais has filed a civil rights complaint asserting construed constitutional claims under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1]

Dais was granted pauper status in a related prior proceeding, *Dais v. Holland*, No. 0:11-CV-96-HRW (E.D. Ky. 2011), and thus was not required to seek pauper status in this proceeding. *Owens v. Keeling*, 461 F.3d 763, 772-72 (6th Cir. 2006). Because Dais is asserting claims against a government official, the Court must screen his complaint. 28 U.S.C. §§ 1915A, 1915(e). These sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which

relief may be granted, or seek monetary relief from defendants who are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). For the reasons below, the Court will dismiss Dais's complaint with prejudice for failure to state a claim upon which relief can be granted.

Dais states that in January 2011, FCI-Ashland officials implemented a centralized Electronic Law Library ("ELL") in the prison law library pursuant to the Bureau of Prisons ("BOP") Program Statement 1315.07, *Legal Activities, Inmate*. Dais alleges that the ELL provides federal prisoners with electronic access to all pleadings and other documents filed in the criminal cases of all inmates. As a result, FCI-Ashland inmates can now ascertain who among them has either served as a government informant or has otherwise provided assistance to law enforcement in criminal cases. Dais contends that electronic access to such confidential information subjects inmates, such as himself, who have assisted law enforcement to physical harm at the hands of other inmates.[1]

Dais states that in October 2011, he filed suit in this Court seeking an emergency injunction to prevent prison officials from making the ELL available to

---

[1] Dais is serving a 294-month sentence for illegal transport of firearms by a convicted felon pursuant to a guilty plea he entered in *United States v. Norman T. Dais*, Criminal No. 4:03-0386-TLW-1, (D. S.C. 2003). Dais's conviction was affirmed on direct appeal in *United States v. Dais*, 178 F. App'x. 253 (4th Cir. 2006).

its inmates, and that other FCI-Ashland inmates learned through the ELL that he had filed that suit.[2] Dais further states that several FCI-Ashland inmates who have been convicted of federal child pornography offenses have been subjected to threats, assaults, extortion, robbery, and emotional distress by other inmates at the prison who have learned about their convictions through the ELL.

Dais seeks two forms of injunctive relief. First, he seeks an order directing BOP officials to implement a "filter system" to prevent inmates from accessing each others confidential information through the ELL. Second, he seeks an order preventing information about this proceeding (12-CV-41-HRW) from being released within BOP facilities, stating that other inmates will retaliate against him if they learn that he has requested that the ELL be equipped with a "filter system." The Court broadly construes Dais's latter request as one to have this case placed under seal.

---

[2] On September 6, 2011, Dais filed a prior *Bivens* action in this Court seeking an emergency order either (a) enjoining FCI-Ashland inmates' access to the ELL, or (b) transferring him to another federal prison where his government assistance history will be protected. *Dais v. Holland*, 0:11-CV-97-HRW (E.D. Ky. 2011). The Court denied his request for emergency injunction relief, finding that Dais had not fully completed any of the administrative processes available for obtaining emergency relief; that he had not established a likelihood of success on the merits of his claims; that terminating ELL at FCI-Ashland could adversely affect the rights of other FCI-Ashland inmates who had a First Amendment right to an adequate law library containing current legal information; and that the interests of third parties, and the public at large, would not be served by issuing an emergency injunction. *Dais v. Holland*, 0:11-CV-97-HRW, 2011 WL 5025024, at *2-5 (E.D. Ky. Oct. 20, 2011). The Court dismissed that proceeding without prejudice for failure to exhaust administrative remedies. In his current complaint, Dais alleges that he has now fully exhausted his administrative remedies [D. E. No. 1, p. 1], an allegation the Court assumes is correct at this juncture.

## DISCUSSION

Dais does not refer to any constitutional provision in his complaint as a basis for relief. Broadly construing his claim - that the implementation of the ELL has knowingly subjected him to potential harm from other inmates - would fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

To the extent that Dais seeks relief on behalf of other federal inmates who have either assisted law enforcement or have been convicted of federal child pornography offenses, his request must be denied because he lacks standing to assert claims on behalf of other inmates. Constitutional claims are personal and cannot be asserted vicariously. *Duncan v. Bureau of Prisons*, No. 07-CV-219-JMH, 2007 WL 2174730, at *3 (E.D. Ky. July 27, 2007) (citing *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)); *Carr v. Hastings,* No. 06-CV-150-GFVT, 2006 WL 2513745, at *4 (E.D. Ky. August 29, 2006); *see also Russell v. United States*, 308 F.2d 78,7 9 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself."). Nor can Dais act as a representative of a *de facto* class action because no class has been certified pursuant to Federal Rule of Civil Procedure 23(a)(4), and because generally *pro se* prisoners are not adequate class representatives fairly able to represent the class. *Howard v. Dougan*, 221 F.3d 1334 (table decision),

4

2000 WL 876770, at *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."), *reh'g denied*, 2000 WL 1206591 (6th Cir. Aug.17, 2000), *cert. denied*, 532 U.S. 948 (2001); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hammond v. O'Dea*, 932 F.2d 968 (table decision), 1991 WL 78161, at *2 (6th Cir. 1991) (citing *Oxendine*). In sum, Dais can assert his own constitutional claims, but he does not have standing to assert such claims on behalf of other prisoners.

Dais has also sought an injunction directing either Warden Sepanek or national BOP officials to alter the ELL so as to prevent the dissemination of specific information contained in his own criminal proceeding. The docket sheet in Dais's criminal proceeding reveals that pleadings or court orders filed in that case before November 16, 2004, including his plea agreement and the criminal judgment, are not electronically accessible. That docket sheet shows that his presentence report ("PSR") was filed after that date, but it - like almost all PSRs - is sealed, and is therefore not electronically accessible through the ELL.

Program Statement 1315.07, *Release of Information*, prevents inmates from possessing copies of their PSR and any Statements of Reasons made a part of a PSR. See Program Statement 1351.05, Pt. Two, ¶ 12 (a) (2)(d) (Sept. 19, 2002). Inmates

5

may arrange with BOP officials to view their PSR's if necessary for preparing court documents, but PSRs are closely guarded by BOP officials and are secured and maintained in privacy files. *Id*.

If Dais believes that any confidential information concerning his criminal case has been improperly filed by any party in his criminal case, the appropriate remedy is to file a motion in the trial court identifying the exact information at issue and requesting that court to place such confidential information under seal or protective order to prevent electronic access by third persons.  Otherwise, BOP Program Statement 1315.07 sufficiently safeguards any confidential information contained in Dais's criminal proceeding.

In a future-injury claim, a plaintiff may establish entitlement to injunctive relief by showing that the defendants have displayed deliberate indifference to an unreasonable risk to future health. *See Helling v. McKinney*, 509 U.S. 25, 42 (1993); *Moilanen v. Berghuis*, No. 1:08-CV-368, 2012 WL 5499851, at *8 (W.D. Mich. Nov. 13, 2012).  The Court can discern no facts from the complaint suggesting that Warden Sepanek was deliberately indifferent to an unreasonable risk to Dais' future health. Here, Dais alleges only that the BOP "is giving inmates free access to information that can jeopardize the security of all facilities that have implemented this centralized electronic law library when harmful information become known to inmates." [D. E.

6

No. 1, p. 2] Dais asserts no more than an unsupported claim of speculative injury, not actual injury, and an actual injury is required to assert a civil rights claim. *See Croney v. Fletcher*, No. 2008 WL 45413, at *2 (E.D. Ky. Jan. 2, 2008) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982)).

Further, by asking the Court to enjoin the BOP's decision, Dais asks the Court to contradict the judgment of BOP officials at both the institutional and national levels regarding the safety and security of federal inmates, a matter squarely within their competence and experience, and to which federal courts have been advised to defer to their guided discretion. *Thornburgh v. Abbott*, 490 U.S. 401, 409-10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (stressing the "wide-ranging deference" courts must afford prison officials "in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"); *Still v. Wilkinson*, 2000 WL 1177444 at *1 (N.D. Ohio March 31, 2000). Even if the BOP could feasibly implement the type of "filter system" Dais envisions for the ELL, such a measure could impair other inmates' ability to conduct effective legal research, possibly implicating their right of access to court. *See Dais*, 2011 WL 5025024, at *5; *accord Hahn v, Murphy*, CV 07-1153-SVW, 2011 WL 9378180, at *16, n.9 (C.D. Cal. Sept. 23, 2011).

7

Dais also asks this Court to place this proceeding under seal, stating that he will be ". . . retaliated against if it is known that he is the reason for the implementation of a filter system on the law library." [D. E. No. 1, p. 2] Dais alleges harm only in generalized and speculative terms. Dais stated that in 2011 he filed a prior *Bivens* action in this Court requesting either a transfer or the termination of the ELL, but he did not allege that he suffered any adverse consequence from other FCI-Ashland inmates as a result of having filed that 2011 action. He stated only that other FCI-Ashland inmates learned through the ELL that he had filed that 2011 case, nothing more. [*Id.*] Further, to the extent that Dais' alleged fear of retaliation is based on his assumption that the Court will order the BOP and/or FCI-Ashland officials to implement a "filter system," his concern is moot because as explained herein, the Court will not be ordering BOP officials to take such steps.

Finally, the courts recognize a ". . .general right to inspect and copy public records and documents, including judicial records and documents. . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). *See also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983). The right to inspect and copy judicial records is not absolute, and the court has supervisory power over its own records and files. *Nixon*, 435 U.S. at 598. Access has been denied where the court files could become a vehicle for improper purposes, such as

8

disclosure of the gory details of a divorce case. *Id.* The principles compelling access to records of criminal proceedings apply as well to civil proceedings. *Brown & Williamson*, 710 F.2d at 1178-79. The desire to shield prejudicial information contained in judicial records from the public "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Id.* at 1180.

A district court's discretion to seal the record of a proceeding "'is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Federal Savs. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). Public access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id.* at 849 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Based on what Dais had alleged in his Complaint, this Court is unwilling to place the pleadings in this action under seal.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      The complaint filed by plaintiff Norman Tyrone Dais [D. E. No. 1 ] is **DISMISSED WITH PREJUDICE**.

2.      The Court will enter a separate judgment.

3.    This matter is stricken from the active docket.

This November 30, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge